IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-651-FL

| | | |
|---|---|---|
| LENORA E. BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff challenges the final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits on the grounds that she is not disabled. The case is before the court on the parties' motions for judgment on the pleadings (D.E. 20, 24). Both filed memoranda in support of their respective motions (D.E. 21, 25), and plaintiff filed a response to the Commissioner's motion (D.E. 26). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Minute Entry dated 1 May 2013). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

**I.     BACKGROUND**

    **A.     Case History**

Plaintiff filed an application for disability insurance benefits on 23 February 2009[1] alleging the onset of disability on 14 February 2007. Transcript of Proceedings ("Tr.") 22. The application was denied initially (Tr. 22, 97) and upon reconsideration (Tr. 22, 107), and a request

---

[1] The Application Summary for DIB included in the record states that plaintiff completed her application on 24 February 2009. Tr. 155.

for hearing was timely filed (Tr. 22, 115). On 21 July 2010, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 43-96. The ALJ issued a decision denying plaintiff's claim on 8 October 2010. Tr. 19-42. Plaintiff timely requested review by the Appeals Council. Tr. 16-18. On 21 August 2012, the Appeals Council admitted additional evidence (Tr. 1648-1794), but denied the request for review (Tr. 1-6). At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 5 October 2012, pursuant to 42 U.S.C. § 405(g). (*See* Compl. (D.E. 1)).

**B.    Standards for Disability**

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id*. (d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id*. 423(d)(3).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was 33 years old on the alleged onset date of disability and 36 years old on the date of the hearing. *See* Tr. 35 ¶ 7. She has at least a high school education. Tr. 35 ¶ 8.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since 14 February 2007, the date of the alleged onset of disability. Tr. 24 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: fibromyalgia; posttraumatic stress disorder ("PTSD"); depression; degenerative joint disease of the shoulders; degenerative disc disease of the cervical and lumbar spines; and bursitis in the hips. Tr. 24 ¶ 3. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or equals one of the listings. Tr. 24 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform light work,[2] subject to the following limitations:

> [Plaintiff] should only do occasional climbing of ramps or stairs; kneeling and balancing; never climb ropes, ladders or scaffolds or crawling. She should only reach overhead occasionally and use her cane for balancing. She should also only do simple, routine, repetitive tasks in a low stress environment with minimal social interaction.

Tr. 25 ¶ 5. At step four, the ALJ found that plaintiff was unable to perform past relevant work. Tr. 34 ¶ 6. At step five, the ALJ accepted the testimony of a vocational expert and found that there were jobs in the national economy existing in significant numbers that plaintiff could perform, including jobs in the occupations of merchandise marker, finger print clerk, and storage

---

[2] Light work involves lifting up to 20 pounds occasionally and lifting and carrying 10 pounds frequently. *See* 20 C.F.R. § 404.1567(b); *see also Dictionary of Occupational Titles* ("DOT") (U.S. Dep't of Labor 4th ed. rev. 1991), app. C § IV, def. of "L-Light Work," http://www.oalj.dol.gov/libdot htm (last visited 4 October 2013). The term "light work" and the terms for the other levels of physical exertion as used in the Regulations have the same meaning as in the DOT. 20 C.F.R. § 404.1567.

facility rental clerk. Tr. 35 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 36 ¶ 11.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales,* 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano,* 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

B.  **Overview of Plaintiff's Contentions**

Plaintiff contends that the ALJ erred by: (1) failing to give appropriate consideration and weight to the disability determination of the Department of Veterans Affairs and (2) improperly evaluating the medical opinions of record. Alternatively, plaintiff asserts that remand is necessary in light of a subsequent ALJ decision approving her for disability insurance benefits. Because the court finds the issue of the subsequent disability determination dispositive of this appeal, it addresses only that issue below.

C.  **Subsequent ALJ Decision**

On 23 November 2010, plaintiff filed another application for disability insurance benefits, on which an ALJ issued a decision on 24 January 2013 ("2013 decision"). (2013 Dec'n (D.E. 26-1 at 5-11) 11 & ¶ 11).[3] The ALJ found that plaintiff was disabled and awarded her disability insurance benefits. (*See id.* at 11 ¶ 11). The ALJ found the onset of disability to be 16 October 2010, only eight days after issuance of the decision in the instant case. (*Id.*).

Plaintiff contends that the 2013 decision constitutes new and material evidence requiring remand. The court agrees. It finds that remand is warranted under sentence six of 42 U.S.C. § 405(g) ("sentence six"), which provides for remand when evidence is submitted for the first time at the district court level.

---

[3] Citation is to the page numbers assigned by the court's electronic CM/ECF filing system.

Sentence six permits remands "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Stanley v. Colvin*, No. 7:12-CV-134-FL, 2013 WL 2447850, at *7 (E.D.N.C. 5 Jun. 2013); *Edwards v. Astrue*, No. 7:07CV48, 2008 WL 474128, at *8 (W.D. Va. 20 Feb. 2008). There are accordingly three distinct requirements under sentence six.

First, the evidence must be new. "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." *Wilkins v. Sec'y of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Stanley*, 2013 WL 2447850, at * 7. Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F.2d at 96. Third, there must be good cause for failing to submit the evidence earlier. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). The burden of showing that the requirements of sentence six are met rests with the claimant. *See Fagg v. Chater*, 106 F.3d 390 (Table), 1997 WL 39146, at *2 (4th Cir. 3 Feb. 1997); *Keith v. Astrue*, No. 4:11CV0037, 2012 WL 2425658, at * 2 (W.D. Va. 22 Jun. 2012) (mag. judge's rep. and recomm.) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff."), *adopted,* 2012 WL 4458649 (9 Aug. 2012).

Here, the first requirement—that the evidence be new—is met because there is no other decision in the record by the Social Security Administration finding plaintiff to be disabled. The 2013 decision is therefore neither cumulative nor duplicative.

The 2013 decision is also material. The gap between the period of disability covered by it and the period addressed by the decision in the instant case is only eight days. Remand has been found by this court to be warranted when there is little or no intervening gap between a

denial of disability and a finding of disability. *See Smith v. Astrue*, No. 5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. 2 Sept. 2011) ("The finding of disability commencing only four days after the denial of disability is new and material evidence, and . . . calls into question whether all material evidence was considered in the former determination."); *see also Pulley v. Colvin*, No. 4:11-CV-85-FL, 2013 WL 2356124, at *4 (E.D.N.C. 29 May 2013) ("This court in prior decisions has remanded on the same basis presented here, where the Social Security Administration finds the claimant disabled in a period commencing within the same month after the first ALJ's denial of disability." (citing *Brunson v. Colvin*, No. 5:11-CV-591-FL, 2013 WL 1332498, at *2-3 (E.D.N.C. 29 Mar. 2013))); *Kirkpatrick v. Colvin,* No. 5:12-CV-263-D, 2013 WL 1881315, at *2 (E.D.N.C. 6 May 2013); *Outlaw v. Colvin*, 5:11-CV-647-FL, 2013 WL 1309372, at *2-3 (E.D.N.C. 28 Mar. 2013) ("[A] subsequent decision finding disability commencing one day after the prior denial of disability calls into question whether all relevant impairments properly were considered in the prior determination."); *Laney v. Astrue*, No. 7:10-CV-174-FL, 2011 WL 6046312, at *2 (E.D.N.C. 5 Dec. 2011).

Moreover, the impairments that are the basis of the finding of disability in the 2013 decision substantially overlap those at issue in the instant decision. *See Kirkpatrick*, 2013 WL 1881315, at *2 ("The [subsequent] disability decision relates to the period of the ALJ's decision in this case because the severe impairments (and by extension the medical evidence) overlap."). Specifically, in both cases, fibromyalgia, PTSD, depression,[4] degenerative joint disease, and degenerative disc disease were found to be severe impairments. *See* Tr. 24 ¶ 3; 2013 (Dec'n 7 ¶ 3). Only one impairment—bursitis in the hips—was found to be severe in one decision, the instant decision, and not the other. (*See* Tr. 24 ¶ 3).

---

[4] Depression is referred to as "depressive disorder" in the 2013 decision. (2013 Dec'n 7 ¶ 3).

Further, these overlapping impairments arose from a car accident involving plaintiff in February 2007. Tr. 26 ¶ 5; (2013 Dec'n 8 ¶ 5). In the 2013 decision, the ALJ discusses, in detail, plaintiff's longitudinal medical record subsequent to the car accident. (*See* 2013 Dec'n 8 ¶ 5). Thus, there is commonality in the source of the impairments found in the two decisions to be severe and in a portion of the medical evidence considered.[5]

Lastly, as to the third requirement, plaintiff obviously had good cause for not submitting the 2013 decision in the proceedings before the ALJ or the Appeals Council. It was not issued until after plaintiff's commencement of this action. *See Brunson*, 2013 WL 1332398, at *3 (finding good cause where the subsequent decision was issued after the date of Appeals Council's denial of review in the instant case).

The court recognizes that there are decisions holding that subsequent disability determinations, as opposed to the evidence underlying them, do not constitute "new evidence" within the meaning of sentence six. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009). But the Fourth Circuit has held that "SSA [*i.e.*, Social Security Administration] directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies" and that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (internal quotation marks omitted). As this court has held, "if a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence." *Outlaw*, 2013 WL 1309372, at *3; *see also Bryant v.*

---

[5] Although in her memorandum the Commissioner argued that plaintiff failed to show that the 2013 decision was new or material in part because she did not submit a copy of it with her motion for judgment on the pleadings, that contention was mooted by plaintiff's subsequent submission of the decision with her response to the Commissioner's motion. The Commissioner did not reply to that response.

*Astrue,* No. 7:11-CV-54-D, 2012 WL 896147, at *2 (E.D.N.C. 15 Mar. 2012) ("The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit have found remand appropriate on materially indistinguishable facts.").

Language in the recent per curiam decision by the Fourth Circuit in *Baker v. Comm'r of Soc. Sec.*, No. 12-1709, 2013 WL 1866936, at *1 n.* (4th Cir. 6 May 2013) does not dictate a contrary result. A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of supplemental security income and disability insurance benefits, quotes and relies on the principle from *Allen* that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" *Baker*, 2013 WL 1866936, at *1 n* (quoting *Allen*, 561 F.2d at 653). The court declines to follow *Baker* because it is unreported and therefore not binding precedent (as expressly noted in *Baker* itself, 2013 WL 1866936, at *1); it does not address *Bird*; and it is factually distinguishable in that the plaintiff there did not, as here, meet "her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal," *id.* at *1 n*.

The court concludes that the three requirements for remand pursuant to sentence six have been met and that this case should be remanded. In the remand, the Commissioner must "explain the apparent discrepancy in outcome between the first ALJ decision and the Commissioner's subsequent decision." *Brunson*, 2013 WL 1332498, at *4. The court expresses no opinion on what resolution should be made of that apparent discrepancy.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 20) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 24) for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 18 October 2013 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 4th day of October 2013.

James E. Gates
United States Magistrate Judge